967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence K. REICHELT, Plaintiff-Appellant,
v.
Daryl GATES; Carlos Cudio; Larry R. Goebel; Gary Hansen;
Larry Ariaz; Michael Ranshaw, et al.,
Defendant-Appellees.
Lawrence K. REICHELT, Plaintiff-Appellant,
v.
Daryl GATES; Carlos Cudio; Larry R. Goebel; Gary Hansen;
Larry Ariaz; Michael Ranshaw, et al., Defendants-Appellees.
 Nos. 91-55552, 91-55838.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 11, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and PRO, District Judge**
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Lawrence K. Reichelt appeals pro se the district court's order granting summary judgment for the City of Los Angeles, Los Angeles Police Department ("LAPD") Chief Daryl F. Gates, and other LAPD officers on Reichelt's 42 U.S.C. § 1983 claim, and dismissing without prejudice Reichelt's pendent state claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]
 
 FACTS
 
 4
 In 1986, the LAPD Internal Affairs Division ("IAD") investigated charges that Reichelt, an 11-year veteran of the force, was using illegal drugs. IAD investigators followed Reichelt on the night of December 4, 1986 and the morning of December 5. At approximately 4:00 a.m. on December 5, Reichelt drove his car to his home, remained in his car for a time, left his car, and began walking away from his home. IAD officers stopped and examined him, and concluded that his objective symptoms were consistent with being under the influence of a stimulant such as cocaine.
 
 
 5
 Reichelt denied use of any illegal drugs. He consented to a search of his car, so long as he and a representative were present during the search. He further agreed to provide a urine sample.
 
 
 6
 IAD officers questioned Reichelt at two police stations and at his home. Although the officers remained with him constantly for more than 13 hours during which time Reichelt consumed at least three 8 ounce drinks, Reichelt insisted he was unable to provide a urine sample. IAD officers refused Reichelt's offer of a blood sample. Eventually, the IAD officers informed Reichelt that he would be ordered to provide a urine sample, and his failure to do so would be treated as a refusal to provide a sample. Reichelt insisted he was unable to provide a sample, and he rejected the IAD officer's suggestion that a doctor insert a catheter.
 
 
 7
 The LAPD Board of Rights ("Board") conducted a trial-type administrative hearing and found Reichelt guilty of being under the influence of a non-prescribed stimulant and of failure to comply with an order to provide a urine sample. The Board recommended that Reichelt be terminated from his position, and defendant Gates ordered his termination.
 
 
 8
 Reichelt petitioned the Los Angeles Superior Court to reverse the administrative decision through a writ of mandate pursuant to California Code of Civil Procedure § 1094.5. The court refused to grant the writ, finding that the weight of the evidence supported the Board's findings. Reichelt appealed the Superior Court's decision to the California Court of Appeal Second Appellate District, where it is still pending.[2]
 
 
 9
 Reichelt also brought this action, alleging violation of his constitutional rights under 42 U.S.C. § 1983 and various pendent state claims.[3]
 
 DISCUSSION
 A. Standard of Review
 
 10
 We review the district court's grant of summary judgment de novo. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is proper if no factual issues exist for trial. The party opposing summary judgment "must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991).
 
 
 11
 Reichelt raises a myriad of issues on appeal, but they may be divided into two general categories: whether he had a constitutional right to a blood test as opposed to a urine test, and whether he was denied due process by errors at the Board hearing.
 
 B. Constitutional Right to a Blood Test
 
 12
 Reichelt's primary argument is that the defendants deprived him of his due process rights by adopting an unconstitutional unwritten policy which precluded the taking of blood to test for the presence of cocaine. A municipality or individual municipal officers may be liable for adopting a policy or custom which violates a federal statute or constitutional provision. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91 (1978).
 
 
 13
 The City of Los Angeles negotiated with the Police Protective League to determine appropriate procedures to follow when investigating police officers for substance abuse. According to Article 37 of the Memorandum of Understanding:
 
 
 14
 An employee shall not be required to submit a sample of blood, breath, or urine for the purposes of determining the presence of a narcotic, drug, or alcohol, nor shall an employee be required to submit to a field sobriety examination unless:
 
 
 15
 A. The employee exhibits objective symptoms of being under the influence of alcohol and/or narcotic or drug; OR
 
 
 16
 B. There is substantial evidence to indicate the officer has ingested or absorbed by the body in any other manner an alcoholic beverage, narcotic, or drug.
 
 
 17
 If the employee is ordered to submit to these tests involuntarily, the evidence obtained shall be used for administrative purposes only.
 
 
 18
 Reichelt argues that the LAPD adopted an unwritten policy contrary to Article 37 requiring that only urine (and not blood) samples be used to test for the presence of cocaine.
 
 
 19
 Even assuming that the LAPD adopted this policy, it does not contradict Article 37. Article 37 does not give an employee under investigation his choice of blood, alcohol, or breath tests; instead, it allows investigators to use any of the three tests if an employee under investigation meets the criteria set out in parts A or B.[4]
 
 
 20
 Moreover, a plaintiff cannot base a due process claim on an administrative agency's improper adoption of a rule of general applicability. See United States v. Florida East Coast Ry. Co., 410 U.S. 224, 244-46 (1973) (contrasting due process rights in individual administrative adjudication with the absence of such rights in administrative rulemaking). Thus, it is irrelevant to our constitutional inquiry whether the LAPD adopted a urine test-only policy without adequate notice and comment. It follows from this conclusion that we need not consider the parol evidence indicating the intent of the parties in drafting Article 37, nor the relative efficacy of urine over blood tests in detecting cocaine use.
 
 
 21
 Reichelt also argues that the IAD officers' refusal to take a blood sample in lieu of a urine sample violated the California Constitution and California case law. Violation of state law does not create a federal due process violation. Reichelt's argument must be addressed, if at all, in the context of his pendent state claims.
 
 C. Board Hearing
 
 22
 Reichelt argues that he did not receive a full, fair and impartial hearing by the Board, as required by City Charter § 202. Among other things, he claims that the Board improperly admitted testimony, improperly excluded parol evidence on the meaning of Article 37, and prevented him from conducting an adequate examination of Detective Gartner's qualifications as a narcotics expert.
 
 
 23
 Reichelt is entitled to certain procedural protections because he possessed a property interest in his continued employment with the LAPD. Los Angeles City Charter § 202(1); see also Board of Regents v. Roth, 408 U.S. 564, 576-77 (1972).
 
 
 24
 Reichelt received adequate procedural due process. He received a pre-termination trial-type administrative hearing, with the right to present evidence and cross-examine witnesses. He had the right, and indeed has exercised the right, to seek a writ of mandate in the California courts to review the administrative decision. Thus, Reichelt received all the process that is due. See Kicking Woman v. Hodel, 878 F.2d 1203, 1208 (9th Cir.1989) (discussing due process factors under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), and concluding that due process was met when the appellant received adequate notice of the proceedings, a full opportunity to present her case, a written decision from the administrative tribunal, and a meaningful appeal). Like the Kicking Woman court, we will not allow an allegation of "constitutional claims" to serve as an artifice to relitigate the Board's decision. Kicking Woman, 878 F.2d at 1208. Moreover, Reichelt is pursuing in state court a review of the Board's decision pursuant to California Code of Civil Procedure § 1094.5, which allows a party raising the kinds of errors Reichelt asserts to seek a writ of mandate through the state court system.
 
 D. Pendent State Claims
 
 25
 Finally, construing his pro se briefs liberally, Reichelt argues in essence that the district court abused its discretion in dismissing his pendent state claims. The decision to accept or dismiss pendent state claims rests in the sound discretion of the trial court; where as here the plaintiff's federal claims are dismissed before trial, the pendent claims should normally be dismissed as well. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). The district court did not abuse its discretion in doing so.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reichelt appealed twice in this case, once within 30 days of the district court's entry of summary judgment, and once following the denial of his motion under Federal Rule of Civil Procedure 60(b). Both notices of appeal were timely, and we granted Reichelt's motion to consolidate the appeals. This memorandum disposition disposes of all issues in both cases
 
 
 [2]
 The case number on that appeal is B052311
 
 
 [3]
 The pendent claims were for damages and declaratory relief stemming from the defendants' violations of the California Public Safety Officers' Procedural Bill of Rights Act, wrongful discharge, negligent management, control, training and supervision, conspiracy to invade privacy protected by the California Constitution, conspiracy to commit false arrest and imprisonment, and conspiracy to intentionally inflict emotional distress. The district court concluded that Reichelt's exclusive remedy for the emotional distress claim was through California's workers' compensation system. Reichelt does not appeal this conclusion
 
 
 [4]
 Although appellees spend considerable time discussing whether the Fourth Amendment applies to mandatory urine testing, Reichelt has not raised this issue on appeal, and we therefore need not discuss it